## Township of Bolo v. John Liszewski.

1. OBSTRUCTION OF HIGHWAY — *how question of, determined.*
Whether or not a fence is an obstruction of a public highway is a question of fact and the verdict of the jury is conclusive of the rights of the parties unless manifest error appears.

2. PUBLIC HIGHWAY—*when, arises by prescription.* Notwithstanding a roadway may originally have been intended as a private road, yet if it has for a period of fifteen years been used by the public, it becomes a public highway.

3. PUBLIC HIGHWAY—*when question of abandonment of, improperly submitted to jury.* Where the issue of the abandonment of a public highway is not in the case, it is error to give an instruction which may be interpreted as submitting such issue to the jury.

Action commenced before justice of the peace. Appeal from the Circuit Court of Washington County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

JAMES A. WATTS, for appellant.

GEORGE VERNOR and CHARLES S. LUKE, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee was charged with obstructing the public highway in violation of section 71, chapter 121, Revised Statutes, and on complaint filed with a justice of the peace, was tried, found guilty and fined three dollars and costs. He appealed to the Circuit Court, and in a trial by jury the verdict was in his favor. From a judgment on the verdict, the plaintiff brings the case to this court by appeal.

The complaint and proceedings herein bring into controversy the existence of a public highway on the line north and south between the N. E. ¼ of section 32 and the N. W. ¼ of section 33, T. 3, S. R. 2 P. M. in Bolo township, Washington county. It appears that in 1882, the Board of County Commissioners, (the county not then being under township organization,) in legal manner, located a road two and three-quarter miles long, of which the half mile now in question is a part, and ordered the same to be opened.

By the map or survey the road was to be fifty feet wide and the section line between sections 32 and 33 was to be the center line of the proposed road. The defendant, appellee, now owns the E. ½ of the N. E. ¼ section 32. In 1882, when the commissioners ordered the highway, this land was owned by one Czarnecki, who soon thereafter moved his east fence, then on the section line, back upon his land twenty feet, which is now contended, was a dedication of the twenty feet to the highway. Recently the defendant built a new fence the entire length of the eighty acres owned by him and near the center line of this strip, that is, on a line ten feet east of the fence moved back and built by Czarnecki, the original owner, in 1882. In dispute of appellee's claim of right to the land enclosed by the new fence this controversy has arisen. It is not denied that the fence of which complaint is made is within the lines of the road ordered by the commissioners in 1882, but it is contended in behalf of appellee that this part of the road was never opened and he invokes the statute in force at that time, which required that a road authorized and laid out should be opened within five years. Appellant contends that the road was opened and improved within five years, that the strip of land in controversy was dedicated by Czarnecki, the owner, and that it has been used by the public as a highway for more than fifteen years, all of which appellee denies. The evidence is voluminous and there is a sharp conflict on the several issues involved.

Whether or not the appellee's fence is an obstruction of the public highway is a question of fact, and the verdict of the jury is conclusive of the rights of the parties, whatever may be our view as to the weight of evidence, unless there was manifest error in the trial of the case. The admission of the petitions signed by Koroleski and Ohop over the objection of plaintiff was error, but this may be regarded as cured by the subsequent ruling of the court, which withdrew them from consideration by the jury. There is point, however, in the contention that the admission of these petitions, in the first instance, was prejudicial to the plaintiff.

Complaint is made of defendant's given instructions 1, 3, 4 and 7. The giving of these instructions and each of them was error. By the first the jury was told in effect that proof of a cartway or private road by prescription would defeat the claim of the public. The length of time it had been used as a cartway or private road was wholly immaterial; the only question being how long it had been used by the public as a highway. There may be proof sufficient to establish a prescriptive right to a private way, if that were in controversy, and at the same time sufficient evidence to establish a prescriptive right to a highway, which here is in controversy. At one time it may have been a private way only, and so intended by the original owner who gave it, but if used by the public for fifteen years it became a highway. That is one of the material contentions in this case. The vice of the instruction is manifest. The third instruction is subject to the objection made in argument by appellant. The use of the word "abandoned" as applied to the issue whether or not the road was opened within five years after the order made by the commissioners, was highly misleading. Whether a public highway once established, laid out and improved, can ever be lost by abandonment may be an open question, but it is not pertinent to any issue in this case. Doubtless the instruction was intended to direct the jury to the evidence as to what was done in execution of the order authorizing the road, and it may have been so understood; but as it was plainly susceptible of a different meaning and likely to be so interpreted, it should not have been given. The action of the highway commissioners and of the complaining witnesses since June, 1887, has little, if any, bearing upon the question whether the road was opened within five years from the date of the order. Under this instruction the jury must have understood that the failure of the highway commissioners to improve this road and prosecute this case, and that complaining witnesses signed certain petitions, was of controlling importance. Such is the reasonable inference from the language used. The fourth in-

struction takes from the jury altogether the material question of fact, whether or not evidence of travel and use of the road in controversy was sufficient to establish a prescriptive right in the public. This was error. Whether a gate across the highway in use by the public may be regarded as an interruption in the sense of breaking the continuity of use, depends upon the purpose and intent with which the gate is so placed, and the extent to which travel was obstructed. To be effectual it must have been an interruption of the right as well as of the use. Under the evidence the seventh instruction should not have been given, or should have been so modified as fairly to present the contention of the parties.

In view of the errors discussed, which we consider manifest and prejudicial to the plaintiff's right to a fair trial, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*